NOAH A. KATSELL (Bar No. 217090)
noah.katsell@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

JOHN F. DIENELT
(Pro Hac Vice Motion to be filed)
DLA PIPER US LLP
500 8th Street, NW
Washington, DC 20004
Tel: 202.799.4000
Fax: 202.799.5000

Attorneys for Defendants
PLUS ORTHOPAEDICS, LLC (erroneously sued as PLUS
ORTHOPEDICS USA, INC.) and SMITH & NEPHEW,
INC.

**FILED**

2008 AUG 29  PM 3: 43

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNH_____DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICAL SALES & CONSULTING GROUP;  PRECISION MEDICAL, INC.; PRECISION ORTHOPEDICS MIDWEST, INC.; ORTHOCALA, ORS, INC.; MARTIN NICHOLS; CHRIS NICHOLS; EMMETT BONAMARTE; CINDY BONAMARTE; KENT ADAMS; AND STEVEN TUFTS, <br><br> Plaintiff, <br><br> v. <br><br> PLUS ORTHOPAEDICS USA, INC.; SMITH & NEPHEW, INC.; DOES 1 through 25, <br><br> Defendant. | CASE NO. <br><br> '08 CV 1595 BEN BLM <br><br> NOTICE OF COMPLIANCE WITH 28 U.S.C. § 1446(d) <br><br> State Court Complaint Filed:  July 25, 2008 |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that on the 29th day of August 2008, Defendants Plus

Orthopaedics, LLC (erroneously sued as Plus Orthopedics USA, Inc.) and Smith & Nephew, Inc.

filed with the Clerk of the San Diego Superior Court of the State of California its Notice of

Removal of the above-captioned case, and notified Plaintiffs of the removal in compliance with

-1-

DLA PIPER US LLP
SAN DIEGO

EAST\42074248.1

1    28 U.S.C. § 1446(d).

2        A copy of the Notice to the State Court of Removal is attached hereto as Exhibit A and a

3    copy of the Notice to Plaintiff is attached hereto as Exhibit B.

4

5

6    Dated:  August 29, 2008

7                                            DLA PIPER US LLP

8                                            By

9                                                NOAH A. KATSELL

10                                               Attorneys for Defendants
                                                PLUS ORTHOPAEDICS, LLC (erroneously
11                                               sued as PLUS ORTHOPEDICS USA, INC.) and
                                                SMITH & NEPHEW, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

EAST\42074248.1

-2-

**EXHIBIT  A**

1   NOAH A. KATSELL (Bar No. 217090)
    noah.katsell@dlapiper.com
2   DLA PIPER US LLP
    401 B Street, Suite 1700
3   San Diego, CA  92101-4297
    Tel:  619.699.2700
4   Fax:  619.699.2701

5

    Attorneys for Defendants
6   PLUS ORTHOPAEDICS, LLC (erroneously sued as PLUS
    ORTHOPEDICS USA, INC.) and SMITH & NEPHEW,
7   INC.

8                         SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11  MEDICAL SALES & CONSULTING          CASE NO. 37-2008-00088419-CU-CO-CTL
    GROUP;  PRECISION MEDICAL, INC.;
12  PRECISION ORTHOPEDICS MIDWEST,
    INC.; ORTHOCALA, ORS, INC.; MARTIN
13  NICHOLS; CHRIS NICHOLS; EMMETT      NOTICE TO SUPERIOR COURT AND TO
    BONAMARTE; CINDY BONAMARTE;         ADVERSE PARTY OF REMOVAL TO THE
14  KENT ADAMS; AND STEVEN TUFTS,       UNITED STATES DISTRICT COURT FOR
                                        THE SOUTHERN DISTRICT OF
15             Plaintiff,               CALIFORNIA

16        v.

17  PLUS ORTHOPEDICS USA, INC.; SMITH
    & NEPHEW, INC.; DOES 1 through 25,
18
               Defendant.
19

20        **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE**

21  **FOLLOWING PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:   MEDICAL**

22  **SALES & CONSULTING GROUP;   PRECISION MEDICAL, INC.; PRECISION**

23  **ORTHOPEDICS MIDWEST, INC.; ORTHOCALA, ORS, INC.; MARTIN NICHOLS;**

24  **CHRIS NICHOLS; EMMETT BONAMARTE; CINDY BONAMARTE; KENT ADAMS;**

25  **AND STEVEN TUFTS:**

26        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446,

27  Defendants PLUS ORTHOPAEDICS, LLC (erroneously sued as Plus Orthopedics USA, Inc.)

28  and SMITH & NEPHEW, INC. ("Defendants") removed the above-referenced action from the

DLA PIPER US LLP       EAST\42072623.1              -1-
  SAN DIEGO
                                                    NOTICE TO SUPERIOR COURT OF REMOVAL

1   Superior Court of California for the County of San Diego to the United States District Court for

2   the Southern District of California. The grounds for this removal are set forth in the Notice of

3   Removal attached to this document as Exhibit 1.

4         PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing of

5   this Notice shall effect the removal and the State Court shall proceed no further unless and until

6   the case is remanded.

7   Dated:  August 29, 2008

8                                               DLA PIPER US LLP

9

10                                              By:

11                                                 NOAH A. KATSELL
                                                   Attorneys for Defendants
12                                                 PLUS ORTHOPAEDICS, LLC (erroneously
                                                   sued as PLUS ORTHOPEDICS USA, INC.) and
13                                                 SMITH & NEPHEW, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
   SAN DIEGO

EAST\42072823.1                                    -2-

                                                        NOTICE TO SUPERIOR COURT OF REMOVAL

**EXHIBIT 1**

NOAH A. KATSELL (Bar No. 217090)
noah.katsell@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

JOHN F. DIENELT
(Pro Hac Vice Motion to be filed)
DLA PIPER US LLP
500 8th Street, NW
Washington, DC 20004
Tel: 202.799.4000
Fax: 202.799.5000

Attorneys for Defendants
PLUS ORTHOPAEDICS, LLC (erroneously sued as PLUS
ORTHOPEDICS USA, INC.) and SMITH & NEPHEW,
INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICAL SALES & CONSULTING GROUP; PRECISION MEDICAL, INC.; PRECISION ORTHOPEDICS MIDWEST, INC.; ORTHOCALA, ORS, INC.; MARTIN NICHOLS; CHRIS NICHOLS; EMMETT BONAMARTE; CINDY BONAMARTE; KENT ADAMS; AND STEVEN TUFTS,<br><br>Plaintiff,<br><br>v.<br><br>PLUS ORTHOPEDICS USA, INC.; SMITH & NEPHEW, INC.; DOES 1 through 25,<br><br>Defendant. | CASE NO.<br><br>NOTICE OF REMOVAL OF DEFENDANTS PLUS ORTHOPEDICS USA, INC. and SMITH & NEPHEW, INC. PURSUANT TO 28 USC § 1332 |

DLA PIPER US LLP
SAN DIEGO

EAST\42071218.2

-1-

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Plus Orthopaedics, LLC (erroneously sued as Plus Orthopedics USA, Inc.) ("Plus") and Smith & Nephew, Inc. ("Smith & Nephew") (collectively the "Defendants") hereby remove the above entitled action from the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. 1332, 1441(a) and (b), and 1446 for the reasons stated below:

## I.    INTRODUCTION

1.      On July 25, 2008, the above entitled action was filed by Medical Sales & Consulting Group, Precision Medical, Inc., Precision Orthopedics Midwest, Inc., Orthocala, ORS, Inc., Martin Nichols, Chris Nichols, Emmett Bonamarte, Cindy Bonamarte, Kent Adams, and Steven Tufts (collectively the "Plaintiffs") in the Superior Court of the State of California for the County of San Diego. A copy of that Complaint, assigned San Diego Superior Court Case No. 37-2008-00088419-CU-CO-CTL ("Complaint"), along with all process served upon the Defendants is attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

2.      In the instant action, this Court has removal jurisdiction under 28 U.S.C. § 1332.

3.      This Notice of Removal is filed in the District Court of the United States for the district in which the Plaintiffs filed the Complaint in this action.

4.      On August 1, 2008, Plaintiffs served Defendants' registered agent with a copy of the Summons and Complaint. Service was thus effected on August 1, 2008.

5.      Removal is timely, under the terms of 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), as the thirtieth day following service of the Complaint is September 2, 2008. *See Murphy Bros., Inc. v. Michetti Pipestringing, Inc.*, 536 U.S. 344 (1999) (time to remove runs from service).

6.      Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the Clerk of the Superior Court for the County of San Diego, and serving Plaintiffs

1   with the Notice of Removal. *See* 28 U.S.C. § 1446(d). Proof of filing of this notice and its

2   service on Plaintiff will be filed with this Court when completed.

3          7.      Defendants filed and served their Answer to the Complaint (the "Answer") on

4   August 29, 2008. A true and correct conformed copy of Defendants' Answer is attached hereto

5   as Exhibit B.

6   **II.    DIVERSITY OF CITIZENSHIP**

7          8.      This action is one of which this Court has original jurisdiction under 28 U.S.C. §

8   1332, and is one that may be properly removed to this Court on the basis of diversity of

9   citizenship jurisdiction, in that it is a civil action between citizens of different states, and the

10  matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained

11  more fully below. *See* 28 U.S.C. §§ 1332, 1441(a).

12         9.      There is complete diversity between the Plaintiffs and the Defendants and no

13  named defendant is a citizen of California.

14         10.     The Complaint alleges that Plaintiff Orthocala, Inc. is a Florida corporation with

15  its principal place of business in Ocala, Florida. The Complaint also alleges that Plaintiff Kent

16  Adams, president of Orthocala, Inc., is an individual residing in Ocala, Florida. Complaint, ¶ 1.

17         11.     The Complaint alleges that Plaintiff ORS Southwest, Inc. is an Arizona

18  corporation with its principal place of business in Phoenix, Arizona. The Complaint also alleges

19  that Plaintiff Steven Tufts, president of ORS Southwest, Inc., is an individual residing in Phoenix,

20  Arizona. Complaint, ¶ 2.

21         12.     The Complaint alleges that Plaintiff Precision Medical, Inc. is a Colorado

22  corporation with its principal place of business in Castle Rock, Colorado. The Complaint also

23  alleges that Plaintiff Chris Nichols, president of Precision Medical, Inc., is an individual residing

24  in Castle Rock, Colorado. Complaint, ¶ 3.

25         13.     The Complaint alleges that Plaintiff Medical Sales & Consulting Group is a Texas

26  company with its principal place of business in Leander, Texas. The Complaint also alleges that

27  Plaintiff Martin Nichols, president of Medical Sales & Consulting, is an individual residing in

28  Leander, Texas. Complaint, ¶ 4.

DLA PIPER US LLP
SAN DIEGO

EAST\42071218.2

14.     The Complaint alleges that Plaintiff Precision Orthopedics Midwest, Inc. is a Wisconsin corporation with its principal place of business in Lake Geneva, Wisconsin. The Complaint also alleges that Plaintiffs Cindy Bonamarte, vice president of Precision Orthopedics Midwest, Inc., and Emmett Bonamarte, president of Precision Orthopedics Midwest, Inc., are individuals residing in Lake Geneva, Wisconsin.

15.     Defendant Smith & Nephew is now, and was at the time this action was commenced, a Delaware corporation with its principal place of business in Memphis, Tennessee.

16.     Contrary to Plaintiffs' allegation that Defendant Plus is a California corporation, on December 12, 2007, Plus was converted to a California limited liability company and changed its name from Plus Orthopedics USA, Inc. to Plus Orthopaedics, LLC. On December 14, 2007, Defendant Plus became a Delaware limited liability company. Defendant Plus is now, and was at the time this action was commenced, a Delaware limited liability company, and a wholly owned subsidiary of Defendant Smith & Nephew, with its principal place of business in Memphis, Tennessee. *See* Declaration of Sarah Hamid, attached hereto as Exhibit C, ¶¶ 2-5.

17.     The presence of the Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

**III.    AMOUNT IN CONTROVERSY**

18.     While Defendants deny any liability to Plaintiffs, the amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

19.     Plaintiffs' Complaint includes seven causes of action. The causes of action include:  breach of contract (All Plaintiffs v. All Defendants); negligence (All Plaintiffs v. All Defendants); tortious interference with business relationship or expectancy (All Plaintiffs v. All Defendants); breach of confidence (All Plaintiffs v. Smith & Nephew); violation of the Colorado Wholesale Sales Representative law (Precision Medical v. All Defendants); violation of the Wisconsin Sales Representative law (Bonamarte v. All Defendants); and violation of the Illinois Sales Representative act (Bonamarte v. All Defendants).

/////

20.    Plaintiffs' numerous allegations include, among other things, the following allegations: Defendants "failed to pay commissions in accordance with the parties' agreements" (Complaint, ¶ 69); "as a result of Defendants' wrongful conduct, Plaintiffs were deprived of the full and reasonable benefits of their agreements and have suffered and will continue to suffer damages" (Complaint, ¶ 91); Defendants "breached the covenant of good faith and fair dealing by taking action…to prevent Plaintiffs from deriving the benefits of their contracts and to frustrate the benefits of those contracts" (Complaint, ¶ 82); "Smith & Nephew tortiously interfered with and disrupted Plaintiffs' economic relationships, and prevented the proper fulfillment of Plaintiffs' reasonable expectancies of these economic relationships" (Complaint, ¶ 101); Plaintiff Precision Medical is entitled to "damages in the amount of commissions due, together with treble damages" (Complaint, ¶ 108); Plaintiff Bonamarte is entitled to "commissions due, together with exemplary damages of 200 percent of the amount of commissions due" (Complaint, ¶ 112); and "Defendants' actions and inactions regarding payment of commissions…subject it to exemplary damages…up to three times the amount of commissions owed" (Complaint, ¶ 117).

21.    While Plaintiffs seek an unspecified sum in the Complaint, each plaintiff seeks "actual and compensatory damages representing unpaid commissions, lost profits, loss of good will, lost business opportunity, and diminution of value of their business and income." Complaint, Prayer for Relief.  In addition, Plaintiffs seek "multiple damages as required or authorized by statute" and "punitive and exemplary damages…sufficient to punish Defendants and to deter others from similar wrongdoing."  Complaint, Prayer for Relief; *see Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("[t]he calculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages…[and] punitive damages").

22.    Based upon their compensation structure, each plaintiff received annual commissions in excess of $75,000, and each plaintiff is seeking recovery of commissions among other damages.  Also, discussions between the parties prior to the filing of the lawsuit indicate that the amount in controversy is in excess of $75,000 for each plaintiff.

/////

DLA PIPER US LLP
SAN DIEGO

EAST\42071218.2

## IV.    CONCLUSION

23.    For the reasons stated, federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Accordingly, Defendants hereby remove to this Court the case captioned *Medical Sales & Consulting Group, et al. v. Plus Orthopedics USA, Inc.*, Case No. 37-2008-00088417-CU-CO-CTL, from the Superior Court of the State of California for the County of San Diego.

24.    Nothing in this Notice should be construed as a waiver by Defendants of its defenses to the Complaint.

Wherefore, Defendants give notice that the above described action pending against it in the Superior Court of California, County of San Diego, is removed to this Court.

Dated:  August 29, 2008

DLA PIPER US LLP

By: _____
    NOAH A. KATSELL
    Attorneys for Defendants
    PLUS ORTHOPAEDICS, LLC (erroneously
    sued as PLUS ORTHOPEDICS, USA, INC.)
    and SMITH & NEPHEW, INC.

**EXHIBIT A**

F I L E D
Clerk of the Superior Court

JUL 2 5 2008

1   David J. Noonan (55966)
    dnoonan@knlh.com
2   **KIRBY NOONAN LANCE & HOGE LLP**
    350 Tenth Avenue, Suite 1300
3   San Diego, California 92101-8700
    Telephone: (619) 231-8666
4   Facsimile: (619) 231-9593

5   Mitchell A. Kramer (Pro Hac Vice Motion to be filed)
    mkramer@kramerandkramer.com
6   **KRAMER & KRAMER**
    1077 Rydal Road, Suite 100
7   Rydal, Pennsylvania 19046-1712
    Telephone: (215) 887-9030
8   Facsimile: (215) 887-9240

9   Barbara H. Kramer (Pro Hac Vice Motion to be filed)
    bkramer@kramerandkramer.com
10  **KRAMER & KRAMER**
    24 Frank Lloyd Wright Drive, Lobby D
11  Ann Arbor, Michigan 48105-9755
    Telephone: (734) 930-5452
12  Facsimile: (734) 665-8788

13  Attorneys for Plaintiffs

14

15              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                  **FOR THE COUNTY OF SAN DIEGO**

17

18  MEDICAL SALES & CONSULTING          CASE NO. 37-2008-00088419-CU-CO-CTL
    GROUP, PRECISION MEDICAL, INC.,
19  PRECISION ORTHOPEDICS MIDWEST,      **COMPLAINT FOR DAMAGES**
    INC., ORTHOCALA, ORS, INC., MARTIN
20  NICHOLS, CHRIS NICHOLS, EMMETT
    BONAMARTE, CINDY BONAMARTE,
21  KENT ADAMS, AND STEVEN TUFTS,

22          Plaintiffs,

23      vs.

24  PLUS ORTHOPEDICS USA, INC.; SMITH
    & NEPHEW, INC.; and DOES 1 through 25,
25
            Defendants.
26

27

28

KNLH\534008.1                    -1-
                        COMPLAINT FOR DAMAGES

1    Plaintiffs, and each of them, for causes of action against Defendants, and each of them,

2    allege as follows:

3    **THE PARTIES**

4    1.    Plaintiff, Orthocala, Inc., is a Florida corporation with its principal place of

5    business at 715 Southeast 22nd Avenue, Ocala, Florida 34471.  Plaintiff, Kent Adams, is an

6    individual residing at 715 Southeast 22nd Avenue, Ocala, Florida 34471 and President of

7    Orthocala.  Together, Orthocala, Inc. and Kent Adams shall be referred to as "Orthocala."

8    2.    Plaintiff, ORS Southwest, Inc., is an Arizona corporation with its principal place

9    of business at 2323 E. Magnolia Street, Suite 1211, Phoenix, Arizona 85034.  Plaintiff, Steven

10    Tufts, is an individual residing at 4317 E. Palo Verde Drive, Phoenix, Arizona 85018 and

11    President of ORS.  Together, ORS, Inc, and Steven Tufts shall be referred to as "ORS."

12    3.    Plaintiff, Precision Medical, Inc., is a Colorado corporation with its principal

13    place of business at 3228 Soaring Eagle Lane, Castle Rock, Colorado 80109.  Plaintiff, Chris

14    Nichols, is an individual residing at 3228 Soaring Eagle Lane, Castle Rock, Colorado 80109

15    and President of Precision Medical.  Together, Precision Medical, Inc. and Chris Nichols shall

16    be referred to as "Precision Medical."

17    4.    Plaintiff, Medical Sales & Consulting Group, is a Texas company with its

18    principal place of business at 2203 Buffalo Gap, Leander, Texas 78641.  Plaintiff, Martin

19    Nichols, is an individual residing at 2203 Buffalo Gap, Leander, Texas 78641 and President of

20    Medical Sales & Consulting Group.  Together, Medical Sales & Consulting Group and Martin

21    Nichols shall be referred to as "Medical Sales and Consulting Group."

22    5.    Plaintiff, Precision Orthopedics Midwest, Inc., is a Wisconsin corporation with

23    its principal place of business at N3010 Hwy. 67, Lake Geneva, Wisconsin 53147.  Plaintiffs,

24    Cindy Bonamarte and Emmett Bonamarte, are individuals residing at N3010 Hwy. 67, Lake

25    Geneva, Wisconsin 53147.  Cindy Bonamarte is Vice President of Precision Orthopedics and

26    Emmett Bonamarte is President of Precision Orthopedics.  Together, Precision Orthopedics

27    Midwest, Inc. and Cindy and Emmett Bonamarte shall be referred to as "Precision

28    Orthopedics."

KNLH\534008.1

-2-

COMPLAINT FOR DAMAGES

6.    Defendant, Plus Orthopedic USA, Inc. ("Plus"), is a California corporation with its principal place of business in 10188 Telesis Court, San Diego, California 92121.

7.    Defendant, Smith & Nephew, Inc. ("Smith & Nephew"), is a Delaware corporation with its principal place of business in 1450 Brooks Road, Memphis, Tennessee 38116.

8.    Plaintiffs are ignorant of the true names and capacities of DOES 1 through 25, inclusive, and sue said DOE defendants by such fictitious names and will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named defendants is responsible in manner through breach of contract, tort, or otherwise, for the occurrences alleged herein and that Plaintiffs' damages were proximately caused thereby; where Plaintiffs hereinafter utilize the term "Defendants, and each of them," said allegation refers not only to the named defendants but also to DOES 1 through 25, inclusive.

9.    Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants, including all DOE defendants, was the agent or employee, or joint venturer, or co-conspirator of each of the remaining defendants, and, in doing the acts alleged herein was acting within the course and scope of such agency or employment or joint venture or conspiracy and with the knowledge, permission, consent and ratification of each other.

## JURISDICTION AND VENUE

10.    The Court has jurisdiction over this matter as Defendant Plus is a California Corporation based in San Diego, California and each of the plaintiffs represented Plus and therefore conducted a substantial amount of business in San Diego County.

11.    Venue in this Court is proper as Defendant Plus has its principal place of business in this county, and all of the parties agreed in their Sales' Agent Agreements to submit to the jurisdiction of state or federal courts sitting in San Diego, California and to mandatory venue in San Diego, California.

///

///

KNLH534008.1

COMPLAINT FOR DAMAGES

## FACTS

12.    Plus is a manufacturer of medical devices used for the surgical treatment of orthopedic disorders.

13.    Smith & Nephew is manufacturer of medical devices used for the surgical treatment of orthopedic disorders.

14.    Plaintiffs are individuals and companies that contracted with Plus, and Smith & Nephew as Plus' successor and/or assignee, to sell medical devices as independent commissioned sales representatives.  Plaintiffs had written agreements setting forth the terms of those relationships.

15.    Pursuant to their respective contracts, Plaintiffs originally contracted with Plus Orthopedics, USA, Inc. to market products manufactured and distributed by Plus as commissioned sales representatives in designated exclusive territories.  The Plaintiffs served as the exclusive sales force in these territories.

16.    In or about June 2007, Plus was acquired by Defendant Smith & Nephew. Smith & Nephew had an existing sales force in place in the same territories in which Plaintiffs were marketing product.

17.    Smith & Nephew became the successor and/or assignee of Plaintiffs' agreements.

## ORTHOCALA, INC. AND KENT ADAMS

18.    Effective July 1, 2006, Orthocala and Kent Adams (together referred to as "Orthocala") entered into a Sales Agent Agreement ("Orthocala Agreement") with Plus Orthopedics USA, Inc.  *See* Exhibit 1, Orthocala Sales Agent Agreement, attached hereto and made a part hereof.

19.    Pursuant to the Agreement, Orthocala served as the exclusive sales representative in a territory comprising portions of the states of Florida, Alabama and Georgia. *See* Exhibit 1 at Exhibit A.

20.    The Orthocala Agreement had an original term of three years, until July 1, 2009, when it automatically renews from month to month unless properly terminated or not renewed

1   in accordance with the Agreement.

2       21.   On or about May 2007, Defendant, Smith & Nephew became a successor and/or

3   assignee of the Orthocala Agreement.

4       22.   The Orthocala Agreement provides in relevant part that "this agreement shall be

5   binding upon and inure to the benefit of the parties, their successors and assigns."

6       23.   The Orthocala Agreement further provides in relevant part "Plus [and its

7   successor and/or assignee] agrees that, except as set forth herein, it will not appoint any other

8   Plus [and its successor and/or assignee] sales agent or representative with authority to solicit

9   product orders in the territory." *See* Exhibit 1 ¶ 1.3.

10      24.   On August 23, 2007, Defendants terminated Orthocala effective September 1,

11   2007, which date was postponed to September 30, 2007, and then November 15, 2007, and

12   finally made effective February 2, 2008 by letter dated January 23, 2008.

13                  **ORS AND STEVEN TUFTS**

14      25.   Effective August 1, 2005, ORS and Steven Tufts (together referred to as

15   "ORS") entered into a Sales Agent Agreement ("ORS Agreement") with Plus Orthopedics

16   USA, Inc. *See* Exhibit 2, ORS Agreement, attached hereto and made a part hereof.

17      26.   Pursuant to the ORS Agreement, ORS served as the exclusive sales

18   representative for a territory comprising San Diego and Imperial Counties in California and all

19   of the State of Arizona.

20      27.   The ORS Agreement had an original term of three years to be automatically

21   renewed for subsequent one year terms thereafter, unless and until terminated for cause.

22      28.   In or about May 2007, Defendant Smith and Nephew became a successor and/or

23   assignee of the ORS agreement.

24      29.   The ORS Agreement provides that it "shall be binding upon and inure to the

25   benefit of the parties, their successors and assigns."

26      30.   The ORS Agreement further provides that "During the term of this agreement,

27   Plus [and successors and assigns] agrees that, except as set forth herein, it will not appoint any

28   other Plus [and successors and assigns] sales agent or representative with authority to solicit

1  products in the territory." *See* Exhibit 2 ¶ 1.3.

2  <u>**PRECISION MEDICAL, INC. AND CHRIS NICHOLS**</u>

3      31.    Effective January 1, 2006, Precision Medical, Inc. and Chris Nichols (together

4  referred to as "Precision Medical") entered into a Sales Agent Agreement ("Precision Medical

5  Agreement") with Plus Orthopedics USA, Inc. *See* Exhibit 3, Precision Medical Agreement,

6  attached hereto and made a part hereof.

7      32.    Pursuant to the Agreement, Precision Medical served as the exclusive sales

8  representative in a territory comprising the state of Colorado.

9      33.    The Precision Agreement had an original term of three years, until January 1,

10  2009, when it automatically renews for subsequent three year terms unless properly terminated

11  or not renewed in accordance with the Agreement.

12      34.    In or about May 2007, Defendant, Smith & Nephew, became a successor and/or

13  assignee of the Precision Medical Agreement.

14      35.    The Precision Medical Agreement provides that "Plus [and its successor and/or

15  assignee] agrees that, except as set forth herein, it will not appoint any other Plus [and its

16  successor and/or assignee] sales agent or representative with authority to solicit product orders

17  in the territory." *See* Exhibit 3, Precision Medical Agreement at &1.3.

18      36.    On or about August, 2007, Smith & Nephew represented that it would offer

19  Precision Medical a contract to represent Smith and Nephew.

20      37.    Smith & Nephew subsequently offered a contract to Precision Medical.

21      38.    In reliance on Defendant's representations and offer, Precision Medical began

22  actively promoting Smith & Nephew products to its customers.

23      39.    Smith & Nephew subsequently reneged on its offer to contract with Precision

24  Medical for Precision Medical to sell Smith & Nephew products.

25  / / /

26  / / /

27  / / /

28  / / /

## MEDICAL SALES & CONSULTING GROUP AND MARTY NICHOLS

40.    Effective January 1, 2006, Medical Sales & Consulting Group and Marty Nichols (together referred to as "Medical Sales") entered into a Sales Agent Agreement ("Medical Sales Agreement") with Plus Orthopedics USA, Inc. *See* Exhibit 4, Medical Sales Agreement, attached hereto and made a part hereof.

41.    Pursuant to the Agreement, Medical Sales served as the exclusive sales representative in a territory comprising the counties of Hays, Travis & Williamson in the state of Texas.

42.    The Medical Sales Agreement had an original term of three years, until January 1, 2009, when it automatically renewed for successive three-year terms unless properly terminated or not renewed in accordance with the Agreement. *See* Exhibit 4 at §7.1.

43.    In or about May 2007, Defendant, Smith & Nephew, became a successor and/or assignee of the Medical Sales Agreement.

44.    The Medical Sales Agreement provides that "Plus agrees that, except as set forth herein, it will not appoint any other Plus sales agent or representative with authority to solicit product orders in the territory." *See* Exhibit 4, Medical Sales Agreement at ¶1.3.

## PRECISION ORTHOPEDICS, INC. AND CINDY AND EMMETT BONAMARTE

45.    Effective August 1, 2003, Precision Orthopedics, Inc. and Cindy Bonamarte (Cindy Bonamarte and Precision Orthopedics, Inc. are together referred to as "Bonamarte") entered into a Sales Agent Agreement ("Bonamarte Agreement") with Plus Orthopedics USA, Inc. *See* Exhibit 5, Bonamarte Agreement, attached hereto and made a part hereof.

46.    The Bonamarte Agreement was amended, with the addition of Emmett Bonamarte, by a "First Rider" dated October 19, 2004 and subsequent amendments dated, January 1, 2005 and April 1, 2005. *See* Exhibit 6, First Rider; Exhibit 7, First Amendment; Exhibit 8, Second Amendment (collectively referred to as "Bonamarte Amendments")..

47.    Pursuant to the Bonamarte Agreement as amended, Bonamarte served as the exclusive sales representative in a territory comprising the State of Illinois and designated counties in Wisconsin. *See* Exhibit 5 and Bonamarte Amendments at Exhibit B.

48.    The Bonamarte Agreement had an original three-year term through December 31, 2007, after which it automatically renewed for a subsequent one-year period unless properly terminated in accordance with the Agreement.

49.    On or about June, 2007, Defendant Smith & Nephew became a successor and/or assignee of the Precision Medical Agreement.

50.    The Bonamarte Agreement contains the following Change of Control provision:

> In the event of a sales of all of the assets of Plus, the merger of Plus into another company or the sale or exchange of more than 50% of the stock of Plus during any 2 year period (other than a recapitalization or restructuring in which the direct or indirect change in control of Plus is less than 50%), any successor company created by such sale, merger, or other change in control ("Successor Company") shall have the obligation to provide Representative with a comparable designation to that provided to Representative in this Agreement. If Representative believes that Representative has not been comparably designated by the Successor Company, Representative shall provide written notice of the perceived inadequate terms of the designation within 30 days of the designation from the Successor Company. Upon receipt by the Successor Company of such notice, the Successor Company shall have 30 days to re-designate Representative. In the event that Representative believes that such re-designation is still not a comparable designation, Representative shall provide written notice to the Successor Company within 10 days of Representative's receipt of such re-designation. Upon receipt of such notice from Representative, the Successor Company shall have the option to arbitrate Representative's designation in San Diego, California, in accordance with the rules of the American Arbitration Association. Upon receiving the arbitrator's decision, Successor Company shall either re-designate Representative in accordance with the terms of arbitrator's ruling, or, in the alternative, shall pay Representative an amount equal to 150% of the total sales by Representative of Product in the Representative Territory during the previous 12 months.

Exhibit 5 at 16.

51.    The Bonamarte Amendment states: "In Exhibit D, under Change of Control, the buyout provision is modified to require a single cash payment." Exhibit 6, ¶5.

52.    Defendants failed to provide Bonamarte with a comparable designation as required, entitling Bonamarte to a single cash payment of 150% (the "Change of Control Payment") of the total sales by Representative of Product in the Representative Territory during the previous 12 months." Exhibit 5 at 16.

53.    Defendants have failed to pay Bonamarte the Change of Control Payment.

## FIRST CAUSE OF ACTION

### Breach Of Contract

### (All Plaintiffs v. All Defendants)

54.    The averments contained in paragraphs 1-53 are incorporated by reference as though set forth fully herein.

55.    Defendants and each of them have breached the contract in numerous ways.

56.    Defendants failed to permit Plaintiffs to sell products in accordance with the terms of their respective agreements.

57.    Defendants allowed other sales people to market and sell Smith & Nephew products that should have been sold exclusively by Plaintiffs in their respective territories.

58.    Defendants failed to provide Plaintiffs with adequate quantities of product for sale.

59.    Defendants failed to provide Plaintiffs and their customers with accurate product information, including information regarding product recalls.

60.    Defendants wrongfully damaged Precision Medical's businesses by attempting to hire members of its sales forces.

61.    Defendants failed to provide Plaintiffs with accurate sales reports, order processing information, and other business information to the extent that it made it effectively impossible for Plaintiffs to conduct business in a reasonable and business-like fashion.

62.    Smith & Nephew failed to allow Plaintiffs to attend training sessions, strategy meetings, and other opportunities for business development.

63.    Defendants failed to properly bill customers in Plaintiffs' territories.

64.    Defendants gave Plaintiffs' competitors access to information regarding Plaintiffs' activities and customers.

65.    Smith & Nephew encouraged Plaintiffs' customers to divert business away from Plaintiffs.

66.    Smith & Nephew failed to provide required training to Plaintiffs.

1    67.    Defendants failed to support Plaintiffs' sales efforts.

2    68.    In addition, Defendants wrongfully terminated Plaintiff Orthocala.

3    69.    Defendants failed to pay commissions in accordance with the parties'

4  agreements.

5    70.    In or about September 2007, Smith & Nephew entered into a Corporate

6  Integrity Agreement ("CIA") with the Office of Inspector General of the Department of Health

7  and Human Services.  Contemporaneously with the CIA, Smith & Nephew entered into a

8  Deferred Compensation Agreement with the United States.

9    71.    The CIA set forth certain requirements governing Smith & Nephew's business

10  operations, including setting specific requirements concerning the training of Plaintiffs, as

11  members of its sales force and incorporating specified requirements of the CIA into Smith &

12  Nephew's Code of Conduct.

13    72.    Pursuant to paragraph III.C.2 of the CIA, Plaintiffs were "Covered Persons" in

14  that they were contractors and/or agents performing functions related to the sale or marketing

15  of items or services reimbursable by Federal health care programs.

16    73.    The CIA required that Plaintiffs be provided Smith & Nephew's Code of

17  Conduct ("the Code").

18    74.    Smith & Nephew was obligated to adhere to the contractual requirements of its

19  Code of Conduct (the "Code") and the CIA

20    75.    Smith & Nephew has failed to comply with the CIA with respect to Plaintiffs

21  including, but not limited to, failing to provide required training to Plaintiffs, failing to provide

22  Code of Conduct, and failing to adhere to the requirements of the Code of Conduct.

23    76.    Pursuant to the Code, Smith & Nephew was required to adhere to the business

24  standards and conduct set forth in the Code.

25    77.    Smith & Nephew engaged in conduct in violation of the Code, including, but

26  not limited to, acting without integrity, acting unfairly, and failing to provide necessary

27  training and information necessary to enable Plaintiffs to carry out their businesses and to sell

28  and market Defendants' products.

78.   In breach of its contractual obligations Defendant Smith & Nephew breached the Orthocala Agreement by improperly terminating Orthocala.

79.   Defendants failed to pay all monies, including commissions, owing to Plaintiffs and required under their respective contracts.

80.   Defendants violated the exclusivity provision of Plaintiffs' agreements by allowing other sales representatives to sell product, specifically including Smith & Nephew branded product, within Plaintiffs' respective territories.

81.   Each agreement contains a covenant of good faith and fair dealing prohibiting Defendants from taking action to deny Plaintiffs the benefits of their agreements.

82.   Defendants breached the covenant of good faith and fair dealing by taking action, including, but not limited to the following, to prevent Plaintiffs from deriving the benefits of their contract and to frustrate the benefits of those contracts:

a.    actively soliciting and permitting other sales representatives to solicit Plaintiff's respective customers;

b.    limiting Plaintiffs' access to business and sales information, thereby impeding Plaintiffs' ability to run their businesses and successfully sell Defendants' products;

c.    taking actions that have the reasonably anticipated effect of depriving Plaintiffs' access to business opportunities and reducing Plaintiffs' commissions;

d.    excluding Plaintiffs from opportunities such as sales and marketing meetings, meetings with doctors, and training;

e.    giving Plaintiffs' competitors access to Plaintiffs' business information;

f.    prohibiting Plaintiffs from soliciting sales within their territories;

g.    giving Plaintiffs' competitors access to Defendants' products and limiting Plaintiffs' access to product;

h.    failing to provide reasonable levels of service and support to Plaintiffs and the customers in their territories;

/ / /

1      i.   ·  terminating territory of Precision Medical, Inc.; and failing to properly notify

2             Plaintiffs and their customers and the physicians to which they marketed

3             product. ·

4    83.    On or about November 27, 2007, Defendants initiated a recall of certain lots of

5  femoral components.

6    84.    On or about December 21, 2007, Smith & Nephew expanded the recall to ·

7  include additional femoral component units.

8    85. ·   In the November recall, Plaintiffs and the physicians to whom Plaintiffs·

9  marketed product were assured by Defendants that units not being recalled were not defective.

10    86.    In reliance on Defendants' assurance, Plaintiffs continued marketing and the

11  doctors within their territories continued using and implanting defective femoral components.

12  Smith & Nephew further violated the covenant of good faith and fair dealing in the parties'

13  agreements by the manner in which it conducted the recall.

14    87.    In conducting the recalls, Smith & Nephew failed to provide proper notice of

15  recalled product, thereby endangering patient health and safety, and also injuring the

16  relationship between Plaintiffs and the doctors, medical personnel, hospitals, and other

17  customers within their territories.

18    88.    Smith & Nephew failed to maintain accurate records of product locations and

19  product identification in violation of federal regulations governing the tracking of medical

20  devices as well as industry custom and practice.

21    89.    Defendants' wrongful conduct prevented and/or hindered Plaintiffs' ability

22  market and sell product on behalf of Defendants.

23    90.    Plaintiffs, and each of them, fulfilled their obligation to Defendants, or were

24  excused from doing so as a result of Defendants failure of performance.

25    91.    As a result of Defendants' wrongful conduct, Plaintiffs were deprived of the full

26  and reasonable benefits of their agreements and have suffered and will continue to suffer

27  damages.

28  / / /

## SECOND CAUSE OF ACTION

### Negligence

### (All Plaintiffs v. All Defendants)

92.    The averments contained in paragraphs 1-91 are incorporated by reference as though set forth fully herein.

93.    Defendants engaged in unreasonable conduct toward Plaintiffs including, but not limited to, the following:

    a.    permitting other representatives to market product within the exclusive territories assigned to Plaintiffs;

    b.    failing to make product available for use by Plaintiffs' customers;

    c.    providing defective product and failing to recall product when Defendants knew or reasonably should have known the product was subject to recall under federal law;

    d.    failing to implement procedures that would have allowed Plaintiffs to prevent surgical implantation of defective product when Defendants knew or reasonably should have known that the product was subject to recall;

    e.    failing to properly bill customers in territories of Plaintiffs Precision Medical, ORS, Medical Sales and Consulting Group, and Precision Orthopedics and to implement proper procedures and conduct adequate training regarding billing;

    f.    failing to maintain proper control over Defendants' product and implement proper procedures to enable product to be located and made available to Plaintiffs for use by their customers;

    g.    failing to implement and adhere to proper policies and procedures relating to recalled product, including failing to properly notify Plaintiffs of recalled product and failing to identify and locate recalled product;

    h.    failing to provide legally-required training;

    i.    failing to comply with Smith & Nephew's Code of Conduct;

///

j.   failing to provide Plaintiffs with access to marketing and training opportunities and to provide Plaintiffs with information reasonably necessary to enable Plaintiffs to successfully market Defendants' products and to fulfill the terms of Plaintiffs' contracts; and

k.   Smith & Nephew failing to properly conduct due diligence regarding its acquisition of Plus, failing to properly integrate Plus' products and sales force into its operations, and diminishing the reputation and value of the Plus name.

94.   Defendants' conduct as set forth above breached a duty of care owed to Plaintiffs.

95.   As a result of Defendants' improper conduct, Plaintiffs have suffered and will continue to suffer damages.

## THIRD CAUSE OF ACTION

### Tortious Interference With Business Relationship Or Expectancy

### (All Plaintiffs v. All Defendants)

96.   The averments contained in paragraphs 1-95 are incorporated by reference as though set forth fully herein.

97.   Plaintiffs entered into economic relationships with doctors and medical facilities, with the probability of future economic benefit to Plaintiffs.

98.   Plaintiffs' relationships with medical doctors and medical institutions pre-date their relationship(s) with Plus and/or Smith & Nephew.

99.   Defendants knew of these relationships prior to entering into any business relationship with Plaintiffs.

100.   Defendants contracted with Plaintiffs in whole or in part because of these relationships.

101.   By its conduct, Smith & Nephew tortiously interfered with and disrupted Plaintiffs' economic relationships, and prevented the proper fulfillment of Plaintiff's reasonable expectancies of these economic relationships, including, but not limited to:

///

a.    revealing confidential, proprietary, and valuable information regarding
      Plaintiffs' business activities to competitors of Plaintiffs;

b.    providing inaccurate product and business information to doctors and medical
      facilities in Plaintiffs' territories;

c.    failing to properly bill customers in Plaintiffs' territories and failing to
      implement proper billing procedures;

d.    violating the terms of Smith & Nephew's Code of Conduct;

e.    failing to provide legally required training to Plaintiffs;

f.    failing to conduct product recalls in a commercially reasonable or legal manner;

g.    misappropriating and denying Plaintiffs' access to essential technological
      resources; and/or

h.    as to Plaintiff Precision Medical, knowingly interfering with ongoing business
      contracts and relationships between this Plaintiff and members of its sales
      forces.

102.    As a result of the wrongful and unlawful interference with these economic
relationships, Plaintiffs suffered damages.

## FOURTH CAUSE OF ACTION

### Breach Of Confidence

### (All Plaintiffs v. Smith & Nephew)

103.    The averments contained in paragraphs 1-102 are incorporated by reference as
though set forth fully herein.

104.    Defendants were given access to new and novel information of Plaintiffs'
regarding Plaintiffs sales and marketing activities in confidence.

105.    Defendants knew the information was confidential before it was disclosed.

106.    By conduct that includes, but is not limited to, revealing confidential,
proprietary, and valuable information regarding Defendants' business activities to competitors
of Plaintiffs, Defendants breached Plaintiffs' confidence, causing damage to Plaintiffs.

///

KNLH534008 1

COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### Violation Of The Colorado Wholesale Sales Representative Law

### (Precision Medical v. All Defendants)

107.    The averments contained in paragraphs 1-106 are incorporated by reference as though set forth fully herein.

108.    Defendants' knowing failure to pay commissions to Precision Medical as provided for in the Precision Medical Agreement is a violation of the Colorado Wholesale Sales Representatives Law, Colo. Rev.Stat. § 12-66-101, *et seq.*, and entitles Precision Medical to damages in the amount of the commissions due, together with treble the damages as provided by statute, costs, and attorney fees.

## SIXTH CAUSE OF ACTION

### Violation Of The Wisconsin Sales Representative Law

### (Bonamarte v. All Defendants)

109.    The averments contained in paragraphs 1-108 are incorporated by reference as though set forth fully herein.

110.    Bonamarte is a sales representative and Defendants are principals under the Wisconsin Sales Representative Law, Wis. Stats. §134.93.

111.    Defendants failed to pay Bonamarte commissions as provided in the Bonamarte Agreement, as amended.

112.    Defendants' failure to pay commissions as required by the parties' written contract violates the Wisconsin Independent Sales Representatives Law, Wis. Stats. §134.93, *et seq.*, and entitles Bonamarte to those commissions due, together with exemplary damages of 200 percent of the amount of commissions due, costs, and attorney fees.

/ / /

/ / /

/ / /

/ / /

/ / /

KNI.HA534008.1

COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION

### Violation Of The Illinois Sales Representative Act

### (Bonamarte v. All Defendants)

113.   The averments contained in paragraphs 1-112 are incorporated by reference as though set forth fully herein.

114.   Bonamarte is a sales representative and Defendants are principals within the meaning of the Illinois Sales Representative Act. *See* 820 ILCS 120/0.01 through 120/3.

115.   Defendants violated the Illinois Sales Representative Act by willfully failing to pay all commissions due to Bonamarte at the time of termination within 13 days after Defendants' termination; and by failing to pay all commissions that became due after termination within 13 days of the date such commissions became due. *See* 820 ILCS 120/0.01 through 120/3.

116.   Defendants' failure to pay Bonamarte commissions owed before, at and after the end of their relationship within the times required by the Illinois Sales Representative Act, 820 ILCS 120/0.01 through 120/3 was deliberate, willful and wanton.

117.   Defendants' actions and inactions regarding payment of commissions owing plaintiff subject it to exemplary damages as the fact finder may determine of up to three times the amount of commissions owed and not timely paid, together with reasonable attorney fees and court costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    for actual and compensatory damages representing unpaid commissions, lost profits, loss of good will, lost business opportunity, and diminution in the value of their business and income;

2.    for damages suffered by Plaintiffs for violations of the applicable statutes in an amount according to proof at trial;

3.    for multiple damages as required or authorized by statute;

///

1   4. · for punitive and exemplary damages in an amount according to proof at trial and

2 sufficient to punish Defendants and to deter others from similar wrongdoing;

3   5. for an order, pursuant to Business and Professions Code §17203, and pursuant

4 to the equitable powers of this Court, requiring Smith & Nephew to permit Plaintiffs to serve

5 as the exclusive sales representatives for all products manufactured and sold by Defendants in

6 their defined territories and to provide Plaintiffs with full restitution of all funds acquired by

7 Smith & Nephew of all funds acquired by means of any act or practice declared by this Court

8 to be unlawful or fraudulent or to constitute unfair competition under the Business and

9 Professions Code §17200, *et seq.*;

10   6. for attorneys' fees as permitted by statute and/or by Plaintiffs' contracts;

11   7. for pre and post judgment interest;

12   8. for costs of suit; and

13   9. for such further relief as the Court may deem just and proper.

14

15 DATED: July ___, 2008    KIRBY NOONAN LANCE & HOGE LLP

16

17

18        By: _____
           David J. Noonan
19           Attorneys for Plaintiffs

20

21 OF COUNSEL:

22 David M. Blanchard

23 Nacht & Associates, P.C.
  101 N. Main Street, Suite 555

24 Ann Arbor, MI  48104
  Telephone:  (734) 663-7550

25 Facsimile:  (734) 663-7592
  E-Mail:  dblancard@nachtlaw.com

26

27

28

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PLUS ORTHOPEDICS USA, INC.; SMITH & NEPHEW, INC.; and DOES 1
through 25,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MEDICAL SALES & CONSULTING GROUP, PRECISION MEDICAL,
INC., PRECISION ORTHOPEDICS MIDWEST, INC.,ORTHOCALA, ORS,
INC., MARTIN NICHOLS, CHRIS NICHOLS, EMMETT BONAMARTE,
CINDY BONAMARTE,KENT ADAMS AND STEVEN TUFT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
330 West Broadway
San Diego, California  92101

CASE NUMBER
*(Número del Caso):* 37-2008-00088419-CU-CO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David J. Noonan (55966)          (619) 231-8666          (619) 231-9593 Fax
Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300
San Diego, California  92101-8700
DATE:  JUL 2 5 2008          Clerk, by D. Michni _____ , Deputy
*(Fecha)*                         *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ___ as an individual defendant.
2. ___ as the person sued under the fictitious name of *(specify):*

3. ___ on behalf of *(specify):*

   under: ___ CCP 416.10 (corporation)          ___ CCP 416.60 (minor)
          ___ CCP 416.20 (defunct corporation)  ___ CCP 416.70 (conservatee)
          ___ CCP 416.40 (association or partnership)  ___ CCP 416.90 (authorized person)
          ___ other *(specify):*
4. ___ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

PLAINTIFF(S) / PETITIONER(S):    Medical Sales & Consulting Group et.al.

DEFENDANT(S) / RESPONDENT(S): Plus Orthopedics USA Inc et.al.

MEDICAL SALES & CONSULTING GROUP VS. PLUS ORTHOPEDICS USA INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00088419-CU-CO-CTL |
|---|---|

Judge:  Steven R. Denton                                          Department: C-73

**COMPLAINT/PETITION FILED:** 07/25/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

1   NOAH A. KATSELL (Bar No. 217090)
    **DLA PIPER US LLP**
2   401 B Street, Suite 1700
    San Diego, CA  92101-4297
3   Tel: 619.699.2700
    Fax: 619.699.2701
4

5   Attorneys for Defendants
    PLUS ORTHOPAEDICS, LLC (erroneously sued as
6   PLUS ORTHOPEDICS USA, INC.) and SMITH &
    NEPHEW, INC.
7

8               SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9

10  MEDICAL SALES & CONSULTING          CASE NO.  37-2008-00088419-CU-CO-CTL
    GROUP, PRECISION MEDICAL, INC.,
    PRECISION ORTHOPEDICS MIDWEST,      **DEFENDANTS' ANSWER TO**
11  INC., ORTHOCALA, ORS, INC.,         **COMPLAINT FOR DAMAGES**
    MARTIN NICHOLS, CHRIS NICHOLS,
12  EMMETT BONAMARTE, CINDY
    BONAMARTE, KENT ADAMS, AND          JUDGE:        Hon. Steven R. Denton
13  STEVEN TUFTS,,                      DEPT.         73

14              Plaintiffs,

15      v.

16  PLUS ORTHOPEDICS USA, INC.;
    SMITH & NEPHEW, INC.; and DOES 1
17  through 25, ,

18              Defendants.

19

20      Plus Orthopaedics, LLC (erroneously sued as Plus Orthopedics USA, Inc.) and Smith &

21  Nephew, Inc. (collectively "Defendants") answer the allegations in Plaintiffs' Complaint as

22  follows:

23                          **GENERAL AND SPECIFIC DENIAL**

24      Pursuant to California Code of Civil Procedure section 431.30, Defendants generally and

25  specifically deny each and every allegation in Plaintiffs' Complaint in its entirety, including each

26  and every purported cause of action contained therein, and further deny any liability whatsoever

27  to Plaintiffs.

28  /////

LA PIPER US LLP
  San Diego
    WEST\21502830.1                        -1-

                                                        ANSWER TO COMPLAINT

1    Further, Defendants deny that Plaintiffs have sustained or will sustain any injury, damage,

2    or loss, if any, by reasons of any acts, omissions, fault or negligence on the part of Defendants

3    upon which to base any cause of action whatsoever, including all causes of action alleged by

4    Plaintiffs in their Complaint.

5                          **SEPARATE AFFIRMATIVE DEFENSES**

6    As a further and separate answer to Plaintiffs' Complaint, Defendants assert the following

7    affirmative defenses:

8                            **FIRST AFFIRMATIVE DEFENSE**

9                            **(Failure to State a Cause of Action)**

10    Plaintiffs' Complaint fails to state facts sufficient to constitute any cause of action against

11    Defendants.

12                          **SECOND AFFIRMATIVE DEFENSE**

13                            **(Statute of Limitations)**

14    Plaintiffs' causes of action are barred, in whole or in part, by the applicable statute of

15    limitations.

16                            **THIRD AFFIRMATIVE DEFENSE**

17        **(Superseding Causes and/or Intervening Acts or Omissions)**

18    The injuries and/or damages of which Plaintiffs complain were proximately caused or

19    contributed to by the acts of other persons, or entities, and said acts were intervening and

20    superseding causes of the injuries and damages, if any, of which Plaintiffs complain, thus barring

21    any recovery from Defendants.

22                          **FOURTH AFFIRMATIVE DEFENSE**

23                              **(Proximate Cause)**

24    The damages alleged by Plaintiffs were not proximately caused by any act or omission on

25    the part of Defendants.

26    /////

27    /////

28    /////

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Plaintiffs are barred from recovery because there is no actual, factual, legal, or proximate causal connection between Plaintiffs' alleged injuries or damages, if any, and any act or omission of Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Negligence of Others)

The fault or negligence of Plaintiffs and their employees or officers, or other persons, corporations or entities, whether or not named as parties to this action, proximately caused some or all of Plaintiffs' alleged damages. Defendants' alleged liability to Plaintiffs, if any, should be reduced in whole or in part due to the negligence of others.

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiffs, its employees or officers, or other persons, corporations or entities, whether or not named as parties to this action, negligently conducted themselves so as to cause the damages referred to in the Complaint, said negligence proximately caused and/or contributed to Plaintiffs' damages, if any, and Plaintiffs' recovery, if any, should be barred or reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Damages suffered by Plaintiffs, if any, were proximately caused by a risk which Plaintiffs, by their actions, voluntarily assumed.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Damages suffered by Plaintiffs, if any, should be reduced because Plaintiffs failed to act reasonably to mitigate the damages alleged.

/////

/////

/////

DLA PIPER US LLP
SAN DIEGO

WEST\21502830.1

-3-

ANSWER TO COMPLAINT

1

### TENTH AFFIRMATIVE DEFENSE

2

#### (Equitable Apportionment/Fair Responsibility Act of 1986)

3   Without admitting the burden of proof on this or any related issue, Defendant denies any

4   liability to Plaintiffs and further alleges that under the Fair Responsibility Act of 1986, liability

5   for non-economic damages, if any, is limited to each person, party or entity's proportionate share

6   of liability or responsibility.

7

### ELEVENTH AFFIRMATIVE DEFENSE

8

#### (Estoppel)

9   Plaintiffs have engaged in conduct and activities with respect to the matters alleged in the

10  complaint by reason of which Plaintiffs are estopped from asserting any claims or demands

11  against Defendants.

12

### TWELFTH AFFIRMATIVE DEFENSE

13

#### (Waiver)

14  Plaintiffs waived any claims or demands, if any, against Defendants with respect to the

15  matters alleged in the Complaint.

16

### THIRTEENTH AFFIRMATIVE DEFENSE

17

#### (Laches)

18  Plaintiffs have unreasonably and inexcusably delayed the bringing of this action and as a

19  result of such delay, Defendants are substantially prejudiced, and by reason thereof Plaintiffs are

20  barred by the doctrine of laches from any relief herein.

21

### FOURTEENTH AFFIRMATIVE DEFENSE

22

#### (Indemnity)

23  Any damages Plaintiffs may have suffered were caused in whole or in part by the

24  wrongful representations, acts or omissions of parties other than Defendants, whereas any

25  representations, acts or omissions of Defendants, if any, were without negligence, carelessness, or

26  unlawfulness of any kind, and were secondary and/or passive to such other parties.  To the extent

27  Defendants are found liable in any amount, Defendants are entitled to full and complete

28  indemnity from such other parties.

1

### FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3      Plaintiffs, by their acts and conduct, are barred from asserting the claims set forth in the

4  Complaint by the doctrine of unclean hands.

5

### SIXTEENTH AFFIRMATIVE DEFENSE

6

### (Lack of Standing)

7      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack proper standing to

8  sue Defendants.

9

### SEVENTEENTH AFFIRMATIVE DEFENSE

10

### (Privilege or Justification)

11      Both by statute and common law, Defendants were privileged and/or justified in acting as

12  Defendants did in making the statements and representations defendants made, or the actions they

13  took, if any, and to whom the statements and representations, or actions, were made, if any.

14  Accordingly, Defendants cannot be liable for Plaintiffs' damages, if any.

15

### EIGHTEENTH AFFIRMATIVE DEFENSE

16

### (Lack of Intent)

17      Defendants lacked the requisite knowledge or intent, at all relevant times, with regard to

18  all matters alleged in the Complaint.

19

### NINETEENTH AFFIRMATIVE DEFENSE

20

### (Damages Speculative)

21      Based on Plaintiffs' Complaint, the damages alleged are speculative and are therefore

22  barred.

23

### TWENTIETH AFFIRMATIVE DEFENSE

24

### (Economic Loss Rule)

25      Plaintiffs are barred by the economic loss rule from recovering the alleged damages they

26  seek under all of their claims of relief.

27  /////

28  /////

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Civil Code § 3294 -Failure to State Facts Sufficient for Punitive Damages)

Plaintiffs' complaint, and each and every cause of action pled therein for which Plaintiffs seek punitive damages, fails to allege facts sufficient to constitute a basis for a request for punitive damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

Although Defendants deny engaging in any conduct justifying an award of punitive damages, any such award would violate the excessive fines, due process, and other applicable clauses of the United States and California Constitutions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Consent)

Defendants assert, based on information and belief, that Plaintiffs' purported claims are barred because Plaintiffs expressly or impliedly consented to Defendants actions, if any.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

Defendants assert that if Defendants did not fully perform under the terms of any alleged agreement, which they specifically deny, such performance was prevented by material breach of the contract by Plaintiffs and/or was prevented by a third party, thereby excusing Defendants' performance.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Performance of Obligation)

Defendants discharged each and every obligation, if any, which they may have owed to the Plaintiffs, and otherwise Defendants owe no duty to the Plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

Plaintiffs' claims against the Defendants are barred by the doctrine of substantial compliance.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Discharge)

Defendants assert, based on information and belief, that Plaintiffs' Complaint is barred because any obligations asserted therein were discharged.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Defendants assert, based on information and belief, that Plaintiffs would be unjustly enriched if allowed to recover on this Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Under State Sales Representative Laws)

Defendants assert that Plaintiffs' Complaint fails to state a cause of action under the various state sales representative laws set forth in the Complaint, including the Colorado Wholesale Sales Representative Law, Colo. Rev. Stat. § 12-66-101, *et seq.*, Wisconsin Sales Representative Law, Wis. Stat. § 134.93, and the Illinois Sales Representative Act, 820 ILCS 120/0.01, and, therefore, Plaintiffs are not entitled to damages under these provisions.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Reciprocity of Attorneys Fees)

Defendants deny that Plaintiffs have any basis for a recovery of attorney's fees in this action; however, without in any way admitting or acknowledging that Plaintiffs are or could be entitled to such attorney's fees should Plaintiffs prevail in this action, Defendants assert that they are entitled to recover attorneys' fees and other costs incurred in retaining counsel to defend this lawsuit.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Business & Professions Code)

Defendants assert that Plaintiffs are not entitled to injunctive, or any other, relief under Business and Professions Code § 17203.

/////

/////

ANSWER TO COMPLAINT

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2

### (Additional Affirmative Defenses)

3      Defendants further allege that they presently have insufficient knowledge or information

4   upon which to form a belief as to whether it may have additional as yet unstated, affirmative

5   defenses.  Defendants further reserve the right to amend its answer and/or affirmative defenses

6   accordingly and/or to delete affirmative defenses that it determines are not applicable during the

7   course of subsequent discovery.

8

9

10   Dated:  August 29, 2008

11                                              DLA PIPER US LLP

12

13   By _____

14        NOAH A. KATSELL
          Attorneys for Defendants
15        PLUS ORTHOPAEDICS, LLC (erroneously
          sued as PLUS ORTHOPEDICS, USA, INC.)
          and SMITH & NEPHEW, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

1  NOAH A. KATSELL (Bar No. 217090)
   **DLA PIPER US LLP**
2  401 B Street, Suite 1700
   San Diego, CA 92101-4297
3  Tel: 619.699.2700
   Fax: 619.699.2701
4

5  Attorneys for Defendants
   PLUS ORTHOPEDICS USA, INC. and SMITH &
6  NEPHEW, INC.

7

8         SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9

10 MEDICAL SALES & CONSULTING          CASE NO. 37-2008-00088419-CU-CO-CTL
   GROUP, PRECISION MEDICAL, INC.,
   PRECISION ORTHOPEDICS MIDWEST,      **PROOF OF SERVICE**
11 INC., ORTHOCALA, ORS, INC.,
   MARTIN NICHOLS, CHRIS NICHOLS,
12 EMMETT BONAMARTE, CINDY
   BONAMARTE, KENT ADAMS, AND
13 STEVEN TUFTS,,
                                       JUDGE:        Hon. Steven R. Denton
14        Plaintiffs,                  DEPT.         73

15        v.

16 PLUS ORTHOPEDICS USA, INC.;
   SMITH & NEPHEW, INC.; and DOES 1
17 through 25, ,

18        Defendants.

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP      WEST\21502894.1                    -1-
   SAN DIEGO

                                                         PROOF OF SERVICE

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297. On August 29, 2008, I served the within documents:

ANSWER TO COMPLAINT

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

David J. Noonan
KIRBY NOONAN LANCE & HOGE LLP
350 Tenth Avenue, Suite 1300
San Diego, CA 92101-8700
Tel: 619-231-8666
Fax: 619-231-9593

Mitchell A. Kramer
KRAMER & KRAMER
1077 Rydal Road, Suite 100
Rydal, PA 19046-1712
Tel: 215-887-9030
Fax: 215-887-9240

Barbara H. Kramer
KRAMER & KRAMER
24 Frank Lloyd Wright Drive
Lobby D
Ann Arbor, MI 48105-0755
Tel: 734-930-5452
Fax: 734-665-8788

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 29, 2008 at San Diego, California.

Joyce S. Graham

DLA PIPER US LLP
SAN DIEGO

WEST\21502894.1

-2-

PROOF OF SERVICE

**EXHIBIT C**

1   NOAH A. KATSELL (Bar No. 217090)
    noah.katsell@dlapiper.com
2   DLA PIPER US LLP
    401 B Street, Suite 1700
3   San Diego, CA  92101-4297
    Tel:  619.699.2700
4   Fax:  619.699.2701

5   JOHN F. DIENELT
    (Pro Hac Vice Motion to be filed)
6   DLA PIPER US LLP
    500 8th Street, NW
7   Washington, DC 20004
    Tel: 202.799.4000
8   Fax: 202.799.5000

9   Attorneys for Defendants
    PLUS ORTHOPAEDICS, LLC (erroneously sued as PLUS
10  ORTHOPEDICS USA, INC.) and SMITH & NEPHEW,
    INC.
11

12         UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

13

14  MEDICAL SALES & CONSULTING              CASE NO.
    GROUP;  PRECISION MEDICAL, INC.;
15  PRECISION ORTHOPEDICS MIDWEST,
    INC.; ORTHOCALA, ORS, INC.; MARTIN
16  NICHOLS; CHRIS NICHOLS; EMMETT          DECLARATION OF SARAH HAMID IN
    BONAMARTE; CINDY BONAMARTE;            SUPPORT OF NOTICE OF REMOVAL OF
    KENT ADAMS; AND STEVEN TUFTS,          CIVIL ACTION TO UNITED STATES
17                                          DISTRICT COURT
            Plaintiff,
18
         v.
19
    PLUS ORTHOPEDICS USA, INC.; SMITH
20  & NEPHEW, INC.; DOES 1 through 25,

21          Defendant.

22

23      I, Sarah Hamid, declare and state as follows:

24      I have personal knowledge of the facts set forth in this Declaration, and if called to testify

25  under oath, could and would testify competently thereto.

26      1.      I am corporate counsel of Smith & Nephew, Inc. ("Smith & Nephew, Inc.").  As

27  corporate counsel, I have been, and am, responsible for certain legal aspects of the corporate

28

1   governance of Smith & Nephew, Inc. and its subsidiaries in the United States.  In that capacity, I

2   have knowledge of the overall corporate structure of Smith & Nephew, Inc. and its subsidiaries in

3   the United States.

4       2.    Plus Orthopaedics, LLC, formerly known as Plus Orthopedics USA, Inc., is a

5   wholly owned subsidiary of Smith & Nephew, Inc.

6       3.    On December 12, 2007, Plus Orthopedics USA, Inc. was converted to Plus

7   Orthopaedics, LLC, a California limited liability company.

8       4.    On December 14, 2007 Plus Orthopaedics, LLC was converted from a California

9   limited liability company to a Delaware limited liability company.

10      5.    As of December 2007, Plus Orthopaedics, LLC was a Delaware limited liability

11   company, and Plus Orthopaedics, LLC is now, and was at the time this action was commenced, a

12   Delaware limited liability company with its principal place of business in Memphis, Tennessee.

14       I declare under penalty of perjury under the laws of the State of California and the United

15   States that the foregoing is true and correct.

16       Executed this 29th day of August, 2008, at Memphis, Tennessee.

18                  _____

19                  Sarah Hamid

1   NOAH A. KATSELL (Bar No. 217090)
    **DLA PIPER US LLP**
2   401 B Street, Suite 1700
    San Diego, CA 92101-4297
3   Tel: 619.699.2700
    Fax: 619.699.2701
4
5   JOHN F. DIENELT
    (Pro Hac Vice Motion to be filed)
    DLA PIPER US LLP
6   500 8th Street, NW
    Washington, DC 20004
7   Tel: 202.799.4000
    Fax: 202.799.5000
8
    Attorneys for Defendants
9   PLUS ORTHOPEDICS USA, INC. and SMITH &
    NEPHEW, INC.
10

11                  UNITED STATES DISTRICT COURT

12               SOUTHERN DISTRICT OF CALIFORNIA

13
    MEDICAL SALES & CONSULTING              CASE NO.
14  GROUP; PRECISION MEDICAL, INC.;
    PRECISION ORTHOPEDICS MIDWEST,
15  INC.; ORTHOCALA, ORS, INC.; MARTIN
    NICHOLS; CHRIS NICHOLS; EMMETT          **NOTICE TO PLAINTIFF OF REMOVAL**
16  BONAMARTE; CINDY BONAMARTE;             **OF CIVIL ACTION BY DEFENDANTS**
    KENT ADAMS; AND STEVEN TUFTS,
17
               Plaintiff,                   State Court Complaint Filed: July 25, 2008
18
          v.
19
    PLUS ORTHOPAEDICS USA, INC.; SMITH
20  & NEPHEW, INC.; DOES 1 through 25,
21             Defendant.
22

23  **TO: PLAINTIFFS, MEDICAL SALES & CONSULTING GROUP, PRECISION**
    **MEDICAL INC., PRECISION ORTHOPEDICS MIDWEST, INC., ORTHOCALA, ORS,**
24  **INC. MARTIN NICHOLS, CHRIS NICHOLS, EMMETT BONAMARTE, CINDY**
    **BONAMARTE, KENT ADAMS, AND STEVEN TUFTS:**
25
26          PLEASE TAKE NOTICE that on the 29th day of August, 2008, Defendants, PLUS

27  ORTHOPAEDICS USA, INC., and SMITH & NEPHEW, INC., filed with the United States

28  District Court for the Southern District of California, a Notice of Removal of the above captioned

DLA PIPER US LLP       WEST21505796.1                    -1-
  SAN DIEGO             312318-000001

1  action to said Court from the San Diego County Superior Court of the state of California, and that

2  the proceedings herein have been removed from the San Diego County Superior court of the State

3  of California, to the United States District Court for the Southern District of California.

4

5  Dated: August _2ª_, 2008

6                                        DLA PIPER US LLP

7

8  By _____
                                        NOAH A. KATSELL
9                                       Attorneys for Defendants
                                        PLUS ORTHOPAEDICS, LLC (erroneously
10                                      sued as PLUS ORTHOPEDICS, USA, INC.)
                                        and SMITH & NEPHEW, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28