UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICAL SALES & CONSULTING GROUP, et al., | Civil No. 08-1595-BEN(WVG) |
| Plaintiffs, | ORDER GRANTING JOINT MOTION TO AMEND CASE MANAGEMENT CONFERENCE ORDER AND OTHER PRETRIAL PROCEEDINGS (DOC. # 51) |
| v. | |
| PLUS ORTHOPEDICS USA, INC., et al., | |
| Defendants. | |

The Joint Motion to Amend The Case Management Conference Order and Other Pretrial Proceedings (Doc. # 51) is GRANTED.

IT IS HEREBY ORDERED:

1.	On or before May 14, 2010 , all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before May 21, 2010 , any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

2.     Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than** May 28, 2010 , containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in paragraph 4, below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

3.     Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before June 4, 2010.

4.     <u>All</u> fact discovery shall be completed on or before April 16, 2010.

<u>All</u> expert witness discovery shall be completed on or before June 4, 2010.

*"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

5.     All motions, other than motions to amend or join parties, or motions in limine, **SHALL BE FILED** on or before July 2, 2010 .[1]

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion**

---

[1] Counsel should note that while historically motion cut-off deadlines issued by this Court were deadlines for motion hearings, the motion cut-off dates now being issued establish deadlines for the parties to file motions.

**date and the hearing date may be up to six weeks. Please plan accordingly**. For example, you may need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. **Motions will not be heard on the above date unless you have obtained that date in advance from the judge's law clerk**.

6.   Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

7.   Pursuant to Local Rule 7.1(f)(1), when filing a Motion for Summary Judgment and/or Adjudication, Defendants **shall** file, and serve on Plaintiff, a separate statement setting forth plainly and concisely all material facts which they contend are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence. Further, Plaintiff **shall** file, and serve on Defendants, a separate statement that responds to each of the material facts contended by Defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence.

8.   A Mandatory Settlement Conference shall be conducted on May 12, 2010 , at 9:00 AM in the chambers of Magistrate Judge William V. Gallo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than May 5, 2010 . Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

The Settlement Conference set for January 28, 2010 at 9:00 AM is vacated.

1      9.      Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for
insured defendants with full and unlimited authority[2] to negotiate and enter into a binding settlement, as
well as the principal attorney(s) responsible for the litigation, must be present and legally and factually
prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside
corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to
negotiate and enter into a settlement.  For good cause, and on ex parte application at least one day before
the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from
personal attendance provided such party or parties will be available by telephone during the conference.
Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

       10.     All other dates previously set remain unchanged.

DATED:  December 11, 2009

                                        _____
                                         Hon. William V. Gallo
                                         U.S. Magistrate Judge

---

[2]  "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.  <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).