MINUTES OF THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Case Name: | **Medical Sales & Consulting Group, et al v. Plus Orthopedics USA, Inc. et al** | Case Number: | 08cv1595-BEN (BGS) |

| | | |
|---|---|---|
| Hon. Bernard G. Skomal | Ct. Deputy T. Lopez | Rptr. Tape: |

   A Mandatory Settlement Conference shall be conducted on **January 31, 2011, at 2:00 p.m.** in the chambers of Magistrate Judge Bernard G. Skomal.  Counsel shall submit **confidential** settlement statements **directly to chambers** by courier or may e-mail statements to **efile_Skomal@casd.uscourts.gov** no later than **January 20, 2011**.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

   Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

*[signature]*
Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court

Date:     December 20, 2010

Initials: <u>TL</u> Deputy

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.  <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).