FILED
2011 JAN 27 AM 8: 50
CLERK US ...
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICAL SALES & CONSULTING GROUP; et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PLUS ORTHOPEDICS USA, INC.; SMITH & NEPHEW, INC.,<br><br>Defendants. | CASE NO. 08cv1595 BEN (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE**<br><br>[Dkt. No. 64] |

## INTRODUCTION

Defendants Plus Orthopedics, LLC's and Smith and Nephew, Inc.'s motion to strike the expert report and testimony of R. Bruce Phillips is before the Court. (Dkt. No. 64.) Defendants argue that because Phillips' only experience in the orthopedic medical device industry is as an attorney, he is not an expert in the medical device business and he should not be allowed to render opinions on contract interpretation or industry practices. Defendants move to exclude any testimony by Phillips at trial.[1] Plaintiffs oppose the motion, arguing that Phillips' experience in the industry qualifies him to testify about industry standards and practices regarding treatment of independent sales representatives and the integration of a sales force after an acquisition. For the reasons that follow, Defendants' motion is **GRANTED in part and DENIED in part**.

---

[1] Defendants also move to strike Phillips' expert report without citation to authority for doing so or explaining the need to strike the actual report, rather than just limiting his testimony. Accordingly, the Court will not strike any portions of the actual report, but limits his testimony as explained below.

## BACKGROUND

In his expert report, Phillips offers opinions on three subjects: (1) whether Defendants' conduct impaired Plaintiffs' ability to sell products such that sales quotas were unreasonably high; (2) how an orthopedic manufacturer should handle sales agents of an acquired company; and (3) a change-in-control provision within a contract. Phillips served on the in-house legal staff of an orthopedic device manufacturer, Zimmer, Inc., from 1991 to 2004 and has since worked independently as a consultant and as counsel for orthopedic device manufacturers. Phillips' work at Zimmer included handling sale representation agreements and advising the company about sales force integration following the acquisition of another orthopedic device manufacturer.

## DISCUSSION

### I. Impairments of Plaintiffs' Ability to Sell, Sales Quotas, and Post-Acquisition Integration

Defendants challenge Phillips' opinion that Smith & Nephew's actions impaired Plaintiffs' ability to sell, resulting in unattainable quotas, and his opinions regarding how a sales force should be integrated following an acquisition. Defendants argue his opinions are unreliable because he does not refer to data to support his conclusions. Plaintiffs respond that Phillips opinions are based on his industry knowledge and experience and the reliability issues raised go to the weight to be given to the testimony rather than its admission.

In his report, Phillips concludes that Plaintiffs' businesses were damaged by a number of decisions by Smith & Nephew following its acquisition of Plus. Phillips interviewed each Plaintiff to identify acquisition-related events beyond Plaintiffs' control that adversely effected Plaintiffs. Phillips then explains the effect each event would have on Plaintiffs based on his experience in the industry. For example, Phillips explains the consequences of removing a product from the portfolio when that product is usually sold with another component, *i.e.*, difficulty selling the paired component. But, as to the analysis of the sales quotas, there is little, if any, industry knowledge or experience applied. Phillips simply restates what Plaintiffs reported to him about how their quotas were set and applied. Similarly, Phillips' report on post-acquisition sales force integration relies almost exclusively on the powerpoint slides prepared for Zimmer's acquisition of

1  Centerpulse, the only acquisition Phillips is familiar with.  Phillips does offer opinions regarding
2  issues that arose following the Plus acquisition, but those opinions are based on the Zimmer
3  acquisition powerpoint.

4        "Rule 702 allows admission of 'scientific, technical, or other specialized knowledge' by a
5  qualified expert if it will 'assist the trier of fact to understand the evidence or to determine a fact in
6  issue." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004).
7  The testimony must be based on sufficient facts or data, the product of reliable principles and
8  methods, and based on a reliable application of the principles and methods to the facts of the case.
9  FED. R. EVID. 702.  This "gatekeeping role" applies "to all forms of expert testimony, not just
10 scientific testimony." *Hangarter*, 373 F.3d at 1017.  But, when non-scientific testimony "depends
11 heavily on the knowledge and experience of the expert, rather than the methodology or theory
12 behind it," "the *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not
13 applicable to this kind of testimony." *Id.*  Rather, the Court may satisfy this obligation by
14 considering the "personal knowledge or experience" of the expert. *Id.* (quoting *Kumho Tire Co.,*
15 *Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999)).

16       Phillips appears qualified to offer a reliable opinion on industry standards and practices and
17 the effect of specific events on Plaintiffs' businesses given those standards and practices.  In this
18 respect, his testimony is admissible.  However, his opinions regarding Plaintiffs' quotas do not
19 apply his knowledge of the industry to the facts of the case, rather, he simply summarizes the facts
20 as described by the Plaintiffs.  This does not assist the trier of fact or reliably apply his industry
21 knowledge and experience to the facts of the case.  FED. R. EVID. 702 (requiring expert testimony
22 assist the trier of fact and reliably apply his knowledge to the facts).  Finally, Phillips' opinions on
23 post-acquisition sales force integration are not based on sufficient knowledge and experience,
24 rather, he has simply explained powerpoint slides developed for the one acquisition he has worked
25 on.

26       Accordingly, the Court excludes any opinion testimony from Phillips about Plaintiffs'
27 quotas and post-acquisition sales force integration, but allows his testimony about the effect of
28 specific events related to the acquisition on Plaintiffs' businesses.

## II. Change-In-Control Provision

Defendants challenge Phillips' opinions regarding a change-in-control provision. Phillips separates the language into two "triggers," offers his opinion about what the terms of each trigger mean, outlines three possible constructions of the term "comparable designation," identifies the construction that he believes best represents the original intent of the parties, and then concludes that a comparable designation was not provided under any of the identified constructions of the term. In short, Phillips primarily offers his opinion on how the contract should be interpreted. But, Phillips also provides background on the industry, including the likelihood of acquisition, its effect, and motives for change-in-control provisions in industry contracts.

Contract interpretation is a matter of law for the Court. Expert "testimony cannot be used to provide legal meaning or interpret [a contract] as written. *McHugh v. United Serv. Auto Assoc.*, 164 F.3d 451, 454 (9th Cir. 1999) (citing *Crow Tribe of Indians v. Raciot*, 87 F.3d 1039, 1045 (9th Cir. 1996)). But, an expert can testify about the practices and norms of an industry if the expert is "qualified as an expert by knowledge, skill, experience, training, or education." *Hangarter*, 373 F.3d at 1016 (quoting Federal Rule of Evidence 702).

Accordingly, the Court excludes any opinion testimony on how the contract should be interpreted, but allows his testimony about industry practices and norms with regard to change-in-control provisions.

## III. CONCLUSION

The Court **GRANTS in part and DENIES in part** Defendants' motion to exclude Phillips' testimony.

**IT IS SO ORDERED.**

DATED: January 26, 2011

Hon. Roger T. Benitez
United States District Court Judge